IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DEBBIE LAVERNE D'ARMOND,

            Plaintiff,

vs.                                        Case No. 14-4086-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

            Defendant.


## MEMORANDUM AND ORDER

    This matter is before the court upon plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. No. 14. The EAJA requires that a court award a fee to a prevailing plaintiff unless the court finds that defendant's position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.) cert. denied, 516 U.S. 806 (1995). Defendant has the burden of showing substantial justification for her position. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). Reasonableness in law and fact is the standard for assessing substantial justification. Id. Defendant's position, whether correct or not, must be sufficient to convince a reasonable person. Id.

    In this case, plaintiff claimed she was entitled to disability benefits primarily because of low back pain,

1

depression and anxiety. The ALJ found that plaintiff was hindered with degenerative disc disease; affective disorder; anxiety; right knee degenerative joint disease and chronic bronchitis. The ALJ gave great weight to the opinions of consulting physicians and gave no weight to treating physicians' opinions in determining that plaintiff was not qualified for disability benefits.

Plaintiff made two broad legal arguments:  1) that the ALJ failed to properly weigh the medical evidence; and 2) that the ALJ failed to properly assess plaintiff's credibility. The court addressed only the first argument and decided that the denial of benefits should be reversed and remanded because the ALJ did not properly consider the consulting physicians' opinions. The court's holding related to plaintiff's arguments (at Doc. No. 8, pp. 19-20 and 23-24) that the opinions of non-examining consultants reviewing an undeveloped record and the opinions of one-time examiners who have not considered later treatment notes, should not outweigh the opinions of treating physicians. The court held that the record did not demonstrate that the ALJ, when weighing the consulting doctors' opinions, considered that those doctors were not privy to the opinions and records of some of plaintiff's treating physicians. This omission was contrary to 20 C.F.R. §§ 404.1527(c)(3) and 416.927(c)(3) which provide in part that "[w]e will evaluate the

2

degree to which [the opinions of nonexamining sources] consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources."

The ALJ held that the opinions of the consulting physicians were more consistent with the other evidence in the record, including plaintiff's activities of daily living, than the opinions of the treating doctors, which, to reiterate, were given no weight by the ALJ.  Defendant asserted that this provided substantial evidence in support of the weight the ALJ gave to the opinions.  Doc. No. 11, pp. 6, 10-11.  This provides a reasonable legal and factual argument in support of defendant's position that the ALJ properly considered the doctors' opinions in rendering her decision.  Ultimately, of course, the court was not convinced by defendant's argument.  It was not entirely clear in the record that the ALJ considered that the consulting doctors did not review the opinions of the treating medical sources.  Also, the other evidence in the record was not wholly contrary to the treating physicians' conclusions.  The degree of ambiguity in the record was a factor leading the court to reverse and remand the ALJ's decision.  This ambiguity, however, does not deny the reasonableness of defendant's position.  See Williams v. Colvin, 2015 WL 5093256 *1 (D.Kan. 8/28/2015)(denying fees where remand was ordered

because the court could not determine whether the ALJ evaluated all of the factors set out in § 404.1527).

The court finds that defendant's position in this case was substantially justified. Therefore, plaintiff's motion for attorney's fees shall be denied.

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2016, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge